Wilson v. Dowse.

## JANE H. WILSON
### v.
## STEPHEN DOWSE.

*Agency—Accounting—Master's Report—Exceptions.*

This court declines, in view of the evidence, to interfere with a decree for the defendant upon a bill filed for an accounting.

[Opinion filed May 21, 1891.]

APPEAL from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding.

Mr. JOHN C. PATTERSON, for appellant.

Messrs. GARNSEY & KNOX, for appellee.

UPTON, J. This was a bill in equity filed by appellant against appellee in the Circuit Court of Will County,

praying for an accounting, etc.   The bill was filed December
1, 1887.  Answer thereto being filed, and issue taken by
replication, the cause was referred to the master of that
court, to hear proofs and state an account between the parties
as prayed, etc.   Proofs were taken and reduced to writing
by the master, and an account between the parties duly
stated, report being made, which, with the evidence taken,
was filed in the Circuit Court.   By this report the master
found due to appellee (defendant below) from appellant
(complainant below) the sum of $202.43.   Numerous excep-
tions were taken to the findings and report of the master,
by him overruled, and the same were renewed in the Circuit
Court, and were then again heard and overruled, and a decree
entered in that court for the appellee for the amount so found
due by the master.   To which appellant excepted and appealed
to this court.

It seems from the evidence taken by the master that the
appellant is the widow of one James H. Wilson, now
deceased, who in his lifetime was a resident of Lockport, in
Will County, and was engaged in loaning money.   In such
business he was accustomed to employ appellee, who was a
justice of the peace in that village, as he needed advice or
assistance.   Upon the death of her husband appellant became
possessed of his estate, consisting in whole or in part of
notes and indebtedness due and to become due for moneys so
loaned, in the collection of which and reloaning the same
she employed appellee to assist her, and in so doing from
time to time notes due appellant were placed by her in the
hands of appellee to collect and reloan the money upon her
account, which from time to time appellee did, as requested,
sometimes paying the moneys received on collection directly
to appellant, and sometimes reloaning the same, taking
notes in her name and delivering the same to her, but no
general or specific account of these various transactions
was kept by either party, or settlement made, from the com-
mencement, in 1877, until the filing of the bill of complaint
herein in 1887.   In 1880 appellant removed to the city of
Chicago to reside.   In 1887 she demanded that appellee

surrender all moneys, notes, demands and evidence of indebt-
edness due her, with an account of his receipts, disbursements
and expenses incurred or claimed by appellee in transacting
the business before stated.

Appellee thereupon surrendered to her all such notes,
securities and moneys in his hands or possession to her
belonging, as he claims, with a statement of his actings and
doings in such transactions, including an account stated of
receipts and disbursements of moneys and the amount due,
etc. This account was not transcribed from any book of
accounts, for none were kept by either party, but was made
from memory, aided by such data and memoranda as
appellee could obtain.

The account as rendered not being satisfactory to appel-
lant this suit was commenced, the proofs taken, and cause
heard, with the result above indicated. We have carefully
studied this record and the evidence and proofs therein con-
tained, in the light of the arguments of the respective
counsel, and from the large volume of evidence taken we are
not able, within reasonable compass, to review it in detail.
We shall content ourselves by the statement of one con-
clusion therein, merely:

Numerous exceptions were filed to the master's report, to the
overruling of which by the chancellor complaint is made, and
upon which alone the error is claimed for which this appeal
is taken, a few only of which we shall specifically refer to.

The first exception is not well taken. The $24.57, taken as
the basis in stating the account complained of, seems to be
conceded to have been correct by the counsel for appellant,
in his argument, called " a letter" to the master, under date of
August 12, 1887, and he ought not now complain that the
master in stating the account adopted his theory. Besides,
upon close examination we are fully satisfied that both appel-
lant's counsel and the master were correct in taking that as the
basis of the account on August 12, 1887.

Fifteenth exception: Appellant insists that the allowance of
the sum of $438.34 to appellee, as credit for expenses from

February 17, 1877, to January 4, 1880, etc., was a mistake of the master, and not discovered by counsel until too late to be availed of, etc.

In this appellant's counsel is mistaken. The items composing this expense account complained of appeared in the account stated by appellant's accountant, Dyrenforth, as shown by his deposition taken August, 1888. These items were contained in the account rendered by appellee to appellant in 1887, and furnished the accountant, from which to make the statement of accounts by appellant.

The account as there stated by appellant, through her accountant, Dyrenforth, was then admitted and claimed to be correct by complainant, and it is too late now to question it. Besides, under the evidence we have no doubt of its correctness.

The further claim that appellee should be charged with the sum of $540, paid him July 3, 1882, by one Michael Schell, is not sustained by the evidence; it was not properly chargeable to appellee. The evidence, we think, establishes the fact that the complainant received that money herself; it was paid her by appellee at the time of the execution of the release of the mortgage by complainant given to secure the notes, as we think is fully shown by the evidence. The other errors assigned in overruling exception to the master's report we have also carefully examined, and from such examination we find no error in the entire account as stated by the master, or in the decree rendered thereon, and finding no error in this record, that decree is affirmed.

*Decree affirmed.*